SHEPHERD v. DISTRICT TOWNSHIP OF RICHLAND.

Corporation: SCHOOL ORDER. A school order, drawn upon a district township, by the president and secretary thereof, is not a negotiable instrument; and the assignee thereof takes the same, subject to all defenses that might be made against the original payee.

*Appeal from Mahaska District Court.*

FRIDAY, JULY 12.

SUIT on a school order by an assignee thereof. Defense: absence of authority to execute the order; want of consideration and fraud; trial to the court with finding of facts, and judgment thereon for the plaintiff. The defendant appeals.

*M. E. Cutts* for the appellant.

*Seevers & Williams* for the appellee.

CORPORA-TION: school order. COLE, J.—This action is brought upon the following instrument:

"$222.50.   State of Iowa, Mahaska county, district township of Richland, in said county. Pay to A. B. Israel or bearer, the sum of two hundred and twenty-two dollars and fifty cents, out of the temporary or contingent fund, being in full of an allowance for maps and books for

district library, this 26th day of July, 1865, with six per cent interest.

"JAMES McAULEY, *President.*
JOSEPH McCARTER, *Secretary.*"

This instrument was duly stamped, and indorsed on the back, " A. B. Israel."

The court found, as facts: That the payee applied, at their homes, to the individual members of the board of directors, and induced them, upon representation made by him, severally to sign an agreement to buy certain maps and books of him to be delivered in a few days. Directly thereafter, he procured from the president and secretary, the order sued on. Within a few days, he assigned the order in blank, and delivered it to the plaintiff, who paid therefor a valuable consideration in good faith. The plaintiff presented the order for payment as soon as he received it, and payment was refused. That the representations made by said Israel were false; that he was guilty of fraud in procuring said instrument from said district; that he never delivered the books and maps, or any of them; that defendant never received any consideration for the order; and that the claim was never credited or passed upon by the board of directors, as such. Upon these facts the court found for the plaintiff, and entered judgment accordingly.

The theory upon which the District Court based its judgment was that the instrument was negotiable, and the plaintiff was an indorsee and holder for value, in good faith and before maturity. The cause was tried in the District Court before the cases of *Clark* v. *City of Des Moines* (19 Iowa, 199), and *Clark* v. *Polk county* (Id., 248), were published. Upon the doctrine in relation to instruments like the one sued on in this case, as there settled, the judgment of the District Court must be

Reversed.