TAYLOR v. THE DISTRICT TOWNSHIP OF OTTER CREEK.

Schools: CONTRACTS BY BOARD OF DIRECTORS. The board of directors of a district township have no power to make contracts for the purchase of maps, charts and other school apparatus, without being first authorized thereto by a vote of the electors.

*Appeal from Lucas District Court.*

SATURDAY, DECEMBER 19.

THIS action was commenced in April, 1868, upon a school warrant made in August, 1865, payable to Andrews & Bigelow, or bearer, due April 1, 1866, out of the contingent fund, for maps, keys, charts, globes and other school apparatus. Submitted to the court; judgment for the defendant. Plaintiff appeals.

*Stuart & Brother* for the appellant.

*J. W. Wilkerson* for the appellee.

WRIGHT, J. — The contract for the maps, charts, etc., was not made by the directors at any meeting, nor were

SCHOOLS: contracts by board of directors. they ordered by the board when convened and acting for the district. The agent for the payees of the order (they residing and doing business in Chicago) called upon three of the sub-directors, being a majority of the board, and secured their written assent to the purchase, obtained this order signed by the president and secretary, and left his contract to deliver the goods or articles so ordered. At a meeting held the next month, the claim coming up for consideration, it was, on motion, ordered that the amount be allowed. The articles were never received. At the regular meeting of the electors in 1866, it was voted to repudiate the debt thus contracted. The electors never authorized the purchase. There may be some question under the evidence whether the failure to receive the articles named or referred to in the order was the fault of the defendants or that of Andrews & Bigelow. We therefore pass this question of fact and put the case upon the ground ruled in the court below, which was, that the board had no power to make the purchase without the previous vote of the electors. (No question of ratification arises, for this is not pretended.) The correctness of this rule is not denied by appellant's counsel, but the argument is, that the district, as a corporation, could make the purchase; that the board is alone authorized to make a contract for the district, and that as there is no showing that the electors did not order the purchase, this court must presume that the board acted within and not beyond its authority. To grant the correctness of this conclusion, we should first have to concede the premises. This cannot be done, for if there is any thing clear from this record, it is that the electors never ordered nor empowered the directors to order these articles. Their only action was to repudiate the order of the board.

For the correctness of the conclusion, see School Act,

9th General Assembly, ch. 172, § 7, cl. 5, §§ 20–26; also *Taylor* v. *District Township of Wayne*, 25 Iowa, 447; *Shepherd* v. *District Township of Richland*, 22 id. 595.

Affirmed.