## BOARDMAN v. HAYNE *et al.*

1. **School order:** DEFENSES: CORPORATION. A school order, drawn upon the treasurer of a district township by the president and secretary thereof, is not a negotiable instrument, and the assignee thereof takes it subject to all equities and defenses that it would have been subject to in the hands of the payee.

2. —— The assignee of such paper is bound at his peril to ascertain the extent of the power of the officers of the district in issuing the same, and if issued without authority, this defense may be made against an assignee thereof.

3. —— LIABILITY OF OFFICERS ISSUING THE SAME: LEGAL FRAUD Nor would the officers issuing the same without authority, but under the supposition that they had, and without any intentional fraud, be individually liable to an assignee thereof (on the ground that they were guilty of legal fraud in issuing the order without authority,) in a case where their action was induced by the fraudulent representations of the payee, and the consideration promised by him therefor was never delivered to nor received by the district.

4. —— It was accordingly *held*, that the president and secretary of the district township were not personally liable to an assignee, on the ground that they were guilty of constructive or legal fraud in issuing an order thus drawn by them without legal authority, which it was alleged was procured by the fraudulent representations of the payee, for school apparatus that was never delivered to the district.

*Appeal from Marshall District Court.*

### THURSDAY, AUGUST 4.

DEFENDANTS are president and secretary of a school district township. The petition alleges that on, etc., these defendants, as such officers, issued to one Andrews a warrant in writing upon the treasurer of the said school district, for the sum of, etc.; that plaintiff afterward, in the ordinary course of business, for a valuable consideration, to wit: the sum of, etc., purchased from the payee therein, in good faith, and without notice or knowledge of infirmities, etc., the said warrant. It is also alleged,

that this warrant is not a just claim against said district, and that the district refuses to pay the same; that by issuing the same defendants represented, etc., that they had good and lawful authority from said district to issue the same, as also that it was based upon a just claim and properly audited and allowed; that these representations were all false; that they were made willfully, recklessly and fraudulently, and with intent to deceive and defraud plaintiff or any one holding said order; and that plaintiff, relying upon these representations, believing them to be true, purchased the order or warrant, to his damage, etc.

It is further set out, that plaintiff has no other available remedy, against any of the parties to said transaction, than said defendants. The second count in the petition differs from what precedes, in averring that defendants, by said writing, assumed, promised, represented, undertook, contracted, guaranteed and warranted to plaintiff, and all others to whom the warrant might be sold, that they had good and lawful authority to issue the same, and bind the district; that there was no such lawful authority; that the warrant was not binding, etc., that the claim upon which it was based was not a just debt against the district, which properly repudiates the same.

The second count of the answer (which is all that need be here set out) admits the making of the order, under the following circumstances: On the day of its date, one Buck represented to defendants that he was the agent of Andrews, the payee, for the sale of "Andrews' School Apparatus," and desired defendants to purchase the same for the use of their district, which they refused to do; that Buck thereupon, at his own instance, went to the different directors of said district and informed them that these defendants were desirous of purchasing such apparatus, and though these representations were false,

and known so to be by Buck, upon the strength thereof he obtained from the said directors a written request to defendants to make the said purchase and issue said warrant ; and upon this request they issued said warrant for the purchase of said apparatus, which was to be sent to them within a reasonable time, Buck conceding that this was not the legal manner of making said purchase, etc., but that he would assume all risk and responsibility, and that this was his customary method of doing business in making these sales. No meeting of the board was held, nor did defendants have other authority to issue said warrant than as above stated. The apparatus was never forwarded nor received. Buck procured the warrant, as before stated, for the purpose of defrauding the district, and without consideration ; defendants, in making the warrant, as did the other directors, relied upon the representations of said Buck, believing them to be true ; that they were false and known to be so : that the warrant was made in good faith, and not for the purpose of cheating or defrauding plaintiff, or any other person.

To this count plaintiff demurred, because, in effect, the matters therein stated constitute no defense, are immaterial, the deceit of Buck and failure of consideration being no sufficient answer to the contract, and deliberate, unlawful acts of defendants, whatever their intentions. The demurrer was sustained, and, the defendants withdrawing the other counts and refusing to answer further, plaintiff had judgment for the amount of the warrant, with the interest thereon specified (10 per cent) to judgment. The warrant was payable to A. H. Andrews, or bearer, and was for $153.75, payable out of "the contingent fund, for Mitchell's outline maps, etc., this day purchased by us for the use of the schools in the district township," etc., and was signed by the defendant Hayne, "President,"

and countersigned by his co-defendant, Wyatt, "Secretary." Defendants appeal.

*Bradley & Caswell* for the appellants.

*Boardman, Brown & Williams* for the appellee.

WRIGHT, J.—That a warrant, obtained as this one was, is not binding upon the district, is conceded by both parties. And thus it has been held more than once by this court. *Taylor* v. *District Township of Wayne*, 25 Iowa, 447 ; *Same* v. *District Township of Otter Creek*, 26 id. 282 ; *Shepherd* v. *District Township of Richland*, 22 id. 595 ; *Manning* v. *District Township of Van Buren*, 28 id. 331. Plaintiff, abandoning his action against the district, either upon the warrant or for the consideration, proceeds in this case against those signing the warrant, claiming that they are liable for official misconduct in issuing the warrant without authority : that, whatever their intentions, and though issued without consideration, defendants were guilty of fraud in deliberately putting in circulation this warrant, and liable to any one deceived thereby ; and though there was no fraudulent *intention*, a third person might recover, if injured by such fraud. It is further claimed, that fraud is the gist of the action, and that legal fraud may exist without an intention to injure, the warrant being abandoned as worthless, and the officers charged, as in an action on the case for damages, for their unlawful representations and implied undertakings, on account of which loss accrued to plaintiff. The argument upon which plaintiff seeks to sustain this recovery is more extended, but, except as hereinafter incidentally noticed, it is believed its substance is given above. We can neither concede all his premises nor the conclusions deduced. If we did, however, we should have to advance still one step

<span style="font-variant: small-caps">1. School order: der: defences: corporation.</span>

further, and hold that the answer, or the count demurred to, did not state facts avoiding the plaintiff's cause of action ; and this we are by no means prepared to do. This warrant was assignable under the statute, but not negotiable according to the rules of the law merchant. It follows, therefore, and is well settled, that the assignee of such paper is bound at his peril, to ascertain the extent of the powers of the officers, as also of the district or corporation issuing the same. The powers and duties of these officers are given or defined by statute, and one who deals with them is charged with knowledge of the nature and extent of these duties and powers. *Shepherd* **v.** *District Township*, 22 Iowa, 595, which was upon an order precisely like this ; *Clark* v. *Des Moines*, 19 id. 199 ; *Same* v. *Polk County*, id. 248. Being so charged, the assignee acquires no greater rights than those of the assignor for he receives it, or the law so presumes, with a full knowledge of the power or want of power to issue it, and of its validity or the want thereof. If, therefore, plaintiff stands upon the writing or his rights thereunder, as assignee simply, aside from any question of fraud or excess of power by defendants, there could be no question that the facts stated in the answer would avoid the recovery. This would be so, though the warrant was issued, in every respect, as contemplated by the statute, since the failure or want of consideration would be a good defense against the assignee as well as the payee.

Plaintiff, however, abandons the warrant as worthless, and relies upon defendants' fraud and his consequent 2. —— liability injury, in issuing paper without authority, the of officers issu- same being official, and hence fraudulent, mis-ing the same : legal fraud. conduct. The answer, it will be remembered, denies all actual or intentional fraud. There was, hence, accepting its averments as true, the absence of any medi-

tated or intentional purpose to defraud or circumvent plaintiff or any other person in making this warrant. If fraud at all, therefore, it must have been what is known as constructive or legal fraud. But the rule is, that a party is as much bound to protect himself and guard against this, as against actual fraud. The law does not interfere to protect the negligent in such cases any more than in any other. If a party can, by the use of ordinary care and diligence—by the employment of that activity which the law demands at the hands of all—protect himself against injury, he is bound to do so, else he cannot say that he relied upon the acts or representations of others, was deceived thereby to his injury, and hence must be compensated. Nor is there any principle by which a party can, by his own fraudulent act, so mislead another that he does an act in excess of his official power, and then claim that such official misconduct, as a legal fraud, entitles him to recover for a resulting injury. And it would, to our minds be a more novel principle still to say that a third person, by succeeding to the fruits of such first misleading, fraudulent act, can stand in any better position. If so, then, as applied to the case before us, actual fraud would be at a premium, and would have its unmerited triumph over that which is mere construction. For, if Buck had delivered the apparatus sold, if Andrews, through his agent, had in all respects complied with his contract, acting in the utmost good faith, it is conceded that neither the payee nor plaintiff, his asignee, could recover upon this warrant. But, on the other hand, though Buck obtained it by fraud, and though there is no pretense that the consideration has ever been received, plaintiff, it is contended, is protected, because defendants allow themselves to be thus misled by the artifice and cunning of one to whose rights he succeeds—for the artifice of Buck is that of Andrews, the payee. Such a

Boardman v. Hayne.

doctrine strikes us as monstrous, and to our minds, is without precedent.

But it is said, defendants are estopped from averring a want of consideration, for, by the act of issuing the warrant to bearer, they represented to all persons that there was a good consideration. If this is so, then fraud would possess a power never before accorded to it. For plaintiff's agent (and in legal estimation Buck must be so treated), according to the answer, by fraud obtained this written representation upon which plaintiff relies, and by which it is insisted defendants are estopped, and this very fraud is now used or invoked to close their mouths against speaking or averring the truth.

It is said, however, that if defendants had performed their plain duty, there would have been a consideration, and that they ought not to take advantage of their own wrong. The plain answer to this is, that perhaps they would but for the fraud of the party under whom plaintiff claims in obtaining the order.

In further argument it is suggested, that if defendant had wantonly, willfully and recklessly dug a pit in the highway into which plaintiff fell, the defense of *want of consideration* would not lie. But how would it be if plaintiff himself had dug it, or his agent, and defendants as well as plaintiff were injured thereby? A reference to some of the cases cited by plaintiff, will be sufficient to show that they contain nothing in conflict with the views above expressed. *Lobdell* v. *Baker*, 1 Met. 193, was where the defendant and holder of a note *fraudulently procured* it to be indorsed by a minor (not a party to it), and sold it to one who relied upon the validity of such indorsement. That was a case of actual fraud, and it possesses no element of want of care or diligence on the part of the purchaser or holder.

*Wasson* v. *Mitchell*, 18 Iowa, 153, is cited to show that

VOL. XXIX.—44

a party injured may have redress for misfeasance or non feasance of a ministerial officer. This is not denied. They are not liable, however, for even negligence, carelessness or official misconduct, let alone honest mistakes and errors, brought about by one who alleges such carelessness or misconduct.

That case falls far short of teaching any such doctrine. The doctrine deduced (rather than decided) from *Thompson* v. *Dumfort*, 9 B. & C. 78, 2 Smith's Lead. Cases, 212, that an agent is to be held as principal if he had no authority, though he may have innocently supposed he had, is not denied. That case was one of contract, however, and the party relied upon the contract of sale. In this case the contract is abandoned. There, too, the engagement was with the known principal. The alleged contract being with the principal, it may be, if plaintiff's assignor had fulfilled his undertaking, that defendant's acts would have been ratified and the warrant paid.

*Lick* v. *Madden*, 36 Cal. 208 (Law Reg. 1869, p. 701) holds, that while a public officer should be made to answer to one who is injured through his malfeasance, omission or neglect, yet he is not responsible if the damages would have been sustained, notwithstanding such misconduct, or if the injured party had, by his own fault or neglect, contributed to the result. Measure plaintiff's case by this rule and in the light of what we have said above, and it is plain to us that the court below erred in sus taining the demurrer to the answer.

Reversed.