WINSPEAR v. THE DISTRICT TOWNSHIP OF HOLMAN.

**School district**: LIMIT OF INDEBTEDNESS: CONSTITUTIONAL LAW. A school district township is a political or municipal corporation within the meaning of article 2, section 3 of the constitution, inhibiting such corporations from incurring indebtedness to an amount exceeding five per cent on the taxable property of the corporation.

*Appeal from Osceola District Court.*

TUESDAY, DECEMBER 9.

PLAINTIFF instituted an action against defendant upon three warrants drawn by the president of defendant upon its treasurer, payable out of the contingent fund, and aggregating $500.44.

Defendant filed an answer, setting forth in the fifth paragraph thereof, the following:

"The defendant further avers that it is a municipal and political corporation, incorporated under the laws of Iowa; that at the time of incurring the indebtedness for which the said orders were issued, the taxable property of said district township of Holman, as shown by the last State and county tax list, was thirty-five thousand and thirteen dollars, and that the indebtedness of said district township at the same time was thirty-eight thousand and ninety-five dollars and ten cents; that said district township had no money in the treasury with which to pay said indebtedness, and had no money or assets at the time of incurring said indebtedness; and that the indebtedness of said district township at the time that the indebtedness accrued for which said orders in suit were issued * * * had far exceeded the constitutional limit of five per cent upon the valuation as aforesaid of the property of said district township; and that the said orders are void by reason thereof."

The plaintiff demurred to this paragraph of the answer as follows:

"1. That said fifth paragraph does not state facts sufficient to constitute a defense, ; for that the said answer, and said

fifth paragraph of said answer, show that said defendant is neither a county, political or municipal corporation; notwithstanding it is averred in said fifth paragraph that said defendant is a municipal and political corporation, the same is not matter of averment to be proven by evidence of witnesses, but is a question of law.

"2. The said fifth paragraph of the answer states and shows facts that avoid said defense, for that it appears upon the face of the same that said defendant is a *quasi corporation*, created and existing for school purposes only, and is in no sense either a municipal or political corporation."

The court sustained the demurrer, and, the defendant standing thereon, rendered judgment for plaintiff for $194.04.

Defendant appeals.

*Joy & Wright* for the appellant.

*H. B. Wilson* and *Wm. R. Ash* for the appellee.

DAY, J. — Article II., section 3 of the constitution is as follows: "No county or other political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation, to be ascertained by the last State or county tax lists, previous to the incurring of such indebtedness."

Whether there is any shade of difference, and if so what, between the words "political" and "municipal," as above used, it is not material to the question in hand to inquire. The only question with which we are now concerned is whether either designation includes the defendant. School district townships are by positive declaration of the statute made corporations, and as such they have power to hold property, become parties to suits and contracts, and do other corporate acts. Laws 1862, chap. 172, § 5.

Appellee concedes that school district townships in this State are public corporations, but denies that they are political or municipal corporations. "Public corporations are such as are

created by the government for political purposes, as counties, cities, towns and villages; they are invested with subordinate legislative powers, to be exercised for local purposes connected with the public good, and such powers are subject to the control of the legislature of the State." 2 Kent's Commentaries, page 275.

In Bouvier's Law Dictionary a municipal corporation is defined to be " a public corporation, created by government for political purposes, and having subordinate and local powers of legislation: *e. g.*, a county, town, city," etc.

The word "municipal" strictly applies only to what belongs to a city; cities, by the Romans, being called *municipia*. We, however, attach to the word a more extensive meaning. We call *municipal law*, not the law of a city only, but of the State, and the word is used in contradistinction to international. An offense against the law of nations is an international offense, but one committed against a particular State is a municipal offense. See Bouvier's Law Dictionary.

In the same work it is declared that " a political corporation is one which has principally for its object the administration of the government, or to which the powers of government or a part of such powers have been delegated."

In Angell and Ames on Corporations it is declared that the word ".corporation" is oftentimes significant of a community clothed with extensive civil authority; and a community of that kind is sometimes caled a *political,* sometimes a *municipal,* and sometimes a *public* corporation.

It is generally called public when it has for its object the government of a portion of the State. From the foregoing it would seem that the words "political," " municipal " and " public," when applied to corporations, are used in a synonymous sense.

Government, in a political sense, signifies that form of fundamental rules by which the members of a body politic regulate their social action, and the administration of public affairs, according to established constitutions, laws and usages. Young's Science of Government, page 13.

The objects of government are almost as varied as the wants

of man, and they constantly increase with the progressive step of civilization.

Our whole governmental history shows that the education of those who must ultimately assume the direction of the affairs of government constitutes one of the most important objects of legislation.

It has been uniformly a part of the land system of the United States to provide for public schools. By the ordinances of congress, under the articles of confederation, respecting the territory north-west of the river Ohio, and by the acts of congress for the admission of Ohio, Indiana, Illinois and Missouri into the Union, it was made a specific condition that a section of each township should be permanently applied for the use of public schools.

The act of February 15, 1811, relative to the territory of Louisiana, and of March 3, 1832, relative to the territory of Florida, and of June 23, 1836, relative to the admission of Arkansas into the Union, all provided for the appropriation of land for the use of public schools. 2 Kent (8th ed.), page 194, note *a*.

The act of March 3, 1845, supplemental to an act for the admission of the States of Iowa and Florida into the Union, granted to the State of Iowa, for the use of schools, section number 16 in every township, and 72 sections of land for the support of a university. See Code of 1851, page 541. Article 9, section 1 of the state constitution, places the educational interests of the State, including common schools, and other educational interests, under the management of a board of education ; and section 15 of the same article provides that at any time after the year one thousand eight hundred and sixty-three, the general assembly may abolish the board of education, and provide for the educational interest of the State in any other manner that shall seem to them proper. Any one who is familiar with the course of legislation in this State will at once recognize the fact that a very considerable and important portion of it has been devoted to the interests of education.

Chapter 172, Laws 1862, constitutes the basis of the present school system of the State.

This statute declares that each civil township is a school district, and each school district is declared to be a corporation, under the designation of district township, with power to hold property, become a party to suits and contracts, and do other corporate acts.   Sections 1 and 5.

The district township has power to direct the sale of any school-house, or the site thereof, and of such other property, personal and real, as may belong to the district; to determine what additional branches shall be taught in the schools of the district; to vote such tax, not exceeding five mills in one year, as shall be deemed sufficient for the purchase of grounds, the construction of necessary school-houses, the payment of debts, and the procuring of libraries and apparatus.

The board of directors make all contracts, purchases, payments, and sales necessary to carry out any vote of the district, fix the site for school-houses, establish graded or union schools, audit and allow just claims against the district, visit the school, and aid the teachers in establishing and enforcing rules; apportion tax voted by the district township, etc.

Enough has been said to show that the district townships are most important governmental auxiliaries.   Indeed, without them, or some substitute for them, the State could not successfully provide for the educational wants of its people.

To these corporations, it is quite apparent, from the foregoing review, a portion of the powers of the State government has been delegated.

They are, therefore, political corporations, and are within the inhibition of article II, section 3 of the constitution.

Reversed.