WILSON v. THE INDEPENDENT DISTRICT OF OSCEOLA.

1. School District: TREASURER: COMPENSATION OF. Under Sec. 26, Chapter 172, Laws of the Ninth General Assembly, and Section 2, Chapter 102, Laws of the Tenth General Assembly, the compensation of the treasurer of an independent district is fixed by the board of directors, and he cannot recover for his services a greater amount than the sum thus determined.

2. ———: ———: ———. The rule is not modified by the fact that the compensation was not determined until after the expiration of the treasurer's term.

*Appeal from Clarke Circuit Court.*

FRIDAY, SEPTEMBER 25.

PLAINTIFF states that on the 12th of March, 1872, he became the treasurer of defendant, and performed the duties incident to said office for one year. That after the expiration of his

term of office, the board fixed his compensation for the year at forty dollars. That said sum is grossly inadequate and unreasonable, and he would not and has not accepted the same. That a reasonable compensation for the labor he performed would be $220.00. Plaintiff asks judgment for that sum.

The defendant demurred to the petition upon the following grounds:

1. Plaintiff shows that the defendant, by its board of directors, fixed plaintiff's compensation, as its treasurer, as by law they were required to do, and that plaintiff refused to accept the amount so fixed.

2. The treasurer of a school district is not entitled to further compensation than the amount fixed by the board of directors.

3. Plaintiff, having refused to accept the amount allowed him by defendant, cannot maintain an action for a greater amount, or for the sum so allowed.

The court sustained the demurrer, and, the plaintiff, electing to stand thereon, gave the defendant judgment for costs. Plaintiff appeals.

*Stuart Brothers*, for appellant.

*Chaney & Beeson* and *Ayers & McIntire*, for appellee.

DAY, J.—Section 26, chapter 172, Laws Ninth General Assembly, provides that the Board of Directors shall fix the compensation of the secretary and treasurer. Sec. 2, Ch. 102, Laws Tenth General Assembly, provides that no member of the board, except its secretary and treasurer, shall receive pay out of any school funds for services rendered under the school law. The general policy of the school system is that the officers of school districts shall discharge their respective duties without compensation. It cannot be doubted that the legislature might, by law, have fixed the compensation of the secretary and treasurer of the board and, if they had done so, it would not be claimed that, however inadequate or unreasonable the sum fixed, the sec-

1. SCHOOL DISTRICT: treasurer: compensation.

retary or treasurer could recover more. Indeed, the legislature might have provided that they, like the other members of the board, should receive no compensation.  School districts are municipal corporations, invested with subordinate legislative powers, to be exercised subject to the control of the legislature. *Winspear v. Dist. Tp. of Holman*, 37 Iowa, 542.  Instead of fixing the compensation of the treasurer and secretary of the board, the legislature have delegated this power to the district, to be exercised through the board of directors.  If the board of directors had fixed this compensation at forty dollars at the time plaintiff entered upon the duties of his office, it would probably not now be urged that he would be in a condition different from that he would have occupied if his compensation had been fixed by the legislature, or that he could recover more than the amount thus fixed.

It is urged, however, that inasmuch as his compensation was not determined until his term expired, he is not limited to the amount allowed by the board, and that he may recover a reasonable compensation without regard to the board's action. Whilst this view is plausible, yet we believe it to be unsound. Plaintiff was not compelled to retain the office, or to discharge its duties.   At the time he accepted the office he knew that the duty of determining his compensation devolved upon the board.   He might have insisted upon their discharging this duty at once, and, in the event of their refusal to do so, he might have compelled them to act by mandamus.   If they had fixed a compensation by him deemed inadequate, he had the option to continue in the discharge of his duties, or to resign.   But having taken no steps to have his compensation determined, he is presumed to have retained the office with the understanding that his compensation should be whatever the board might determine, and he is as much bound by the amount so fixed as if it had been ascertained before he entered upon the duties of his office.

In sustaining the demurrer there was no error.

AFFIRMED.