MOSHER v. THE INDEPENDENT SCHOOL DISTRICT OF ACKLEY.

1. **Municipal Corporations:** BONDS: CONSTITUTIONAL LAW.   Bonds issued by municipal corporations exceeding in amount five per cent of the taxable property of the corporations are void, without regard to the good faith with which they were purchased or want of notice of their invalidity by the holders.

2. ———: ———: ———.    Chapter 23, Acts of the Fifteenth General Assembly, assuming to give the holders of bonds so issued in excess of the constitutional limit a lien for the materials furnished, is an attempt to change the nature of an indebtedness prohibited by the constitution, and is unconstitutional.

3. ———: ———: POWER OF LEGISLATURE.    It is not within the province of the legislature to provide a means for the collection of a void obligation against a municipal corporation.

*Appeal from Hardin Circuit Court.*

THURSDAY, OCTOBER 5.

THE petition alleges that the defendant is a corporation organized under the laws of this State for common school purposes, and that in 1869 the said corporation made and issued twenty bonds for the sum of five hundred dollars each, payable to bearer, at the Hardin County Bank, to which bonds interest coupons were attached, maturing semi-annually, at ten per cent per annum; that said defendant contracted with Foster & Brother to erect a large brick building in said district for school purposes, at the agreed price of $14,000, and for the labor done and material furnished for said building defendant delivered to said Foster & Brother the said bonds; that after-

wards the plaintiff, in the usual course of business, purchased eight of said bonds with coupons attached; that no part of said bonds or coupons has been paid, and that of the remaining twelve, ten are now owned by John Mosher and two are owned by W. H. Merritt, and that the total of said bonds with interest to September 1st, 1875, amounts to about $16,-768; that of the bonds held by plaintiff, four mature May 1st, 1877, and four May 1st, 1878, and of the remaining bonds ten are past due and two are not yet due; that said school-house is a large brick building, situated on block 33, in the town of Ackley, and has been used by the district for six years, and that by use and natural wear and decay said building has greatly depreciated in value; that taxes have been voted since the issuing of said bonds for the purpose of paying the maturing interest thereon, and that several thousand dollars of such taxes have been collected, and that said taxes should be applied to the payment of said interest, and that said building and block 33 will not sell for a sufficient sum to pay the amount of said bonds, including interest; *that the aggregate amount of said bonds exceeds five per centum on the value of the taxable property of said Independent School District of Ackley.*

The petition makes John Mosher and W. H. Merritt, the holders of the remainder of the bonds, parties defendant, and prays a decree in favor of plaintiff for the amount of his bonds, and an account of the bonds held by John Mosher and W. H. Merritt, and that the aggregate of said bonds and interest be declared a special lien on said building and on block 33 in Ackley, and that the same be sold and the proceeds arising from such sale be paid into court, to be distributed *pro rata* among the parties entitled thereto, as provided by Chap. 23, Laws of the Fifteenth General Assembly of Iowa, and that the school district by its proper officers be required to discover and make known the aggregate amount of money collected by said defendant for school-house purposes since the issuing of said bonds, and that the same be decreed to be paid over to the holders of said bonds. There was a demurrer to the petition, which was sustained, and the petition was dis-

missed. and judgment rendered against plaintiff for costs; from which ruling and judgment he appeals.

*Porter & Moir*, for appellant.

*S. A. Graves, Beach & Hurd*, for appellee.

ROTHROCK, J.—I. The petition alleges that the aggregate amount of the bonds in question exceeds five per centum on the value of the taxable property of the Independent School District of Ackley. This being conceded, the bonds and coupons attached are void without regard to the good faith with which they were purchased, and the want of notice of their invalidity by the holders. *National State Bank of Mt. Pleasant v. The Ind. District of Marshall*, 39 Iowa, 490; *McPherson v. Foster Bros. et al.*, 43 Iowa, 48.

1. MUNICIPAL corporations: bonds: constitutional law.

Article 11, Sec. 3, of the Constitution, provides that "No county, or other political or municipal corporation, shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation, to be ascertained by the last state and county tax list, previous to the incurring of such indebtedness." That this provision of the Constitution was applicable to a school district was held in *Winspear v. Dist. Tp. of Holman*, 37 Iowa, 542.

To avoid this constitutional prohibition, the petition in this case is based on the provisions of chapter 23 of the Acts of the Fifteenth General Assembly. The demurrer, in effect, raises the question as to the constitutionality of that act, and as we determine the case on this question alone, it is unnecessary to examine the other questions raised by the demurrer.

2. ——: ——: ——.

The provisions of the act in question are as follows: Sec. 1, provides "that when a corporation has issued bonds in payment of an indebtedness exceeding five per centum on the value of the taxable property of such corporation, for labor upon and materials furnished in the erection and furnishing of

a building, and making improvements for such corporation, the holders of such bonds or any of them, including the assignees thereof, shall have a lien upon such building and furniture and fixtures therein, and upon the land of such corporation on which such building and improvements are situated, to the amount of such indebtedness."

Sec. 2. "Any person having a lien by virtue of this act, may enforce the same by equitable proceedings * * * * * * at any time before the maturity of said bonds, as though the action was for the labor done and material furnished and used in and about the erection of said building, * * * * * * * *. The plaintiff shall set forth and the court shall ascertain and determine the entire amount of the indebtedness on such bonds, and order that the property be sold to pay such indebtedness, and the proceeds of the sale shall be paid to the court to be by it distributed *pro rata* among the holders of such indebtedness; but no money judgment shall be rendered against such corporation " * * * *.

It will be observed that Article 11, Sec. 3, of the Constitution, provides that the corporaton shall not become indebted, *in any manner* or for any purpose, to an amount in the aggregate exceeding five per centum of the value of its taxable property. This prohibits an indebtedness in the form of bond, note, or any other kind of obligation, whether it be in writing or by parol, express or implied.

The act of the legislature under consideration provides that no judgment shall be rendered on the bonds issued in excess of the five per centum, but that suit may be commenced before they become due, as though the action was for the labor done and materials furnished and used in and about the erection of the building. This is an attempt to change the form of indebtedness from an obligation upon a bond to an account for work and labor, and materials furnished. How this, if it be allowed, renders valid an indebtedness which is absolutely void, it is not easy to perceive. It is urged, however, that this account for work and labor done and materials furnished is not an indebtedness, because the act only provides that it shall be a lien on the property created by the

labor and materials, and that in this sense the act does no more than compel the district to surrender that which it acquired by the void obligations.

The ready answer to this is, that indebtedness to the extent of five per centum is legal and valid, and as this act provides for the sale of the whole building and land upon which it is situated, its practical operation would be to appropriate the lawful property of the district in payment of a void obligation. If it were possible to ascertain the exact property acquired by the selling of the void bonds so as to place the parties in *statu quo*, so to speak, there might be force in this argument.

Again: School districts own the school-house lots and school buildings situated thereon. This is the extent of property owned by them. It is true, their resources for the payment of valid obligations consists in taxation, and creditors rely on this as the source from which the debts of the district shall be paid. The act in question does not assume to make the obligations of the character of those in suit valid, so that taxation may be forced in order to satisfy them, but by making it a lien upon the whole building and school-house grounds it is none the less an obligation or debt against the district. The constitutional provision is, that no corporation shall be allowed in *any manner to become indebted* in any amount exceeding five per centum of the assessed value of the property.

The legislature has no more power to provide a means for the collection of this void obligation than the school-district. 3. ——: ——: Both are equally bound by the constitutional pro- power of leg-islature. hibition, and it is not within the province of the legislature to enact that for all excess of the indebtedness of a school district above five per cent, created by building a school-house or purchasing land for a school-house site, the creditor may have a lien and sell the property, including building and site.

We have examined with care the argument that this is a mere curative act, and that it is, therefore, valid.

It is not within the power of the legislature to pass a valid curative act of this character, for the very good reason that the act to be cured is prohibited by the constitution.

But this is not a curative act. If it were it would make valid the void bonds. Instead of this it attempts to change the character of the obligation, and enforce its payment in another manner than that contemplated by the contract of the parties.

The argument that the legislature possessed the power to direct, in case the people or the officers of the district should create a greater indebtedness than five per centum that they should take nothing thereby, and that any building or other property coming to their possession under such contract should be surrendered up, or subjected to sale for the benefit of the parties furnishing the material, we have already in part antic-ipated. This act makes no such provision as the argument would indicate, or rather it makes the provision indicated and more; it provides in effect that the void bonds shall be a lien on all the property that the district is authorized by law to own, and that it shall be sold and the proceeds divided pro rata to pay a debt which the constitution prohibits.

In holding that the act in question is unconstitutional, we are not unmindful of our duty in the consideration of constitutional questions. We have examined the case with the care which its importance demands, and are unanimously of opinion that the statute in question clearly, plainly and palpably violates the provision of the constitution in question. There may be cases of hardship on purchasers of these invalid bonds, but it is better by far that counties, cities, towns and school districts be required to keep their indebtedness within constitutional limits, than that the fundamental law be construed to alleviate individual losses. Every one should be held to contract with a full knowledge of the provisions of the constitution of the State.

II. The petition does not state what proportion, if any, of these bonds are within the constitutional limit of five per cent. Under the allegation above set out we are left to presume that the whole amount was in excess of such limit. If this be correct the plaintiff was not entitled to an account of the taxes collected by the district.

If it was intended by the pleader that jurisdiction should

be taken on such part of said bonds if any, as were not in excess of the constitutional limit, the petition should have been prepared with that view.

AFFIRMED.

ADAMS, J., having been of counsel in this case, took no part in its determination.