STATE. DANIEL I. AURYANSEN, PROSECUTOR, v. HACKEN-
SACK IMPROVEMENT COMMISSION.

1. The act to incorporate the Hackensack Improvement Commission, (*Pamph. L.* 1868, *p.* 564,) and supplement, (*Pamph. L.* 1871, *p.* 1510,) creates a political corporation, and the power conferred upon the commissioners to impose a tax within the territorial limits of the commission is not void as an attempt to create a taxing district narrower than a political district.

2. The provision that said tax shall be imposed only upon owners of real estate over the value of $100 is opposed to the constitutional rule of uniformity, and was abrogated by the constitutional amendment. The amount of tax imposed upon the prosecutor will be abated to the extent of the difference between what he was assessed and what he should have been assessed under the general tax act.

On *certiorari.*

This writ brings up a tax levied by the assessor of New Barbadoes township, by direction of the Hackensack Improvement Commission, under an act to incorporate the Hackensack Improvement Commission, (*Pamph. L.* 1868, *p.* 564,) and supplements thereto. *Pamph. L.* 1871, *p.* 1510.

The tax in question was imposed to pay bonds issued to raise money for the construction of a sewer.

The territory included within the operation of the act includes part of two or more townships.

The method provided for the collection of the taxes is displayed in the seventh section of the act.

The commissioners are to ascertain the annual expenses of conducting the affairs of the commission, and give notice of

the amount and purposes thereof, and deliver a copy of said notice to the assessors of the townships in which the territory covered by the commission lies.

The assessors are to assess the same upon the real and personal estate within said limits, the same as other taxes are assessed, and the amount so assessed shall be collected by the township collectors, as other taxes are collected, and paid over to said commissioners, &c.; provided that no person shall be taxed under this act who is not the holder of real estate within said limits of at least the value of $100, * * * and no deductions from real property on account of debts shall be made.

The present tax was assessed by the assessor of New Barbadoes township upon the property in the portion of his township covered by the commission, in conformity with this section of the act.

Argued at November Term, 1882, before Justices REED and MAGIE.

For the prosecutor, *C. H. Voorhis.*

For the defendants, *G. Ackerson* and *W. M. Johnson.*

The opinion of the court was delivered by

REED, J.   Two reasons are assigned for the vacation of this assessment.

*First.* That such assessment is in conflict with art. IV., § 7, ¶ 12, of the amended constitution, which provides that property shall be assessed for taxes under general laws, and by uniform rules, according to its true value.

*Second.* Because the district within which said assessment was made is narrower in bounds than the political district in which the lands of the prosecutor, and other lands assessed for said tax, are situate.

The question of primary importance is raised by the second reason, namely, that the legislature has erected a taxing dis-

trict of narrower bounds than a political district. The taxing district, as we have stated, is not co-extensive with any township, and therefore, unless the legislature has conferred upon the taxing district itself such powers of local government as to impart to it a political character, the tax must fall, as its imposition is obnoxious to the rule promulgated in the case of of *State, Baldwin, pros.*, v. *Fuller*, 10 *Vroom* 576.

The act (*Pamph. L.* 1868, *p.* 564,) appoints six persons as commissioners, two of whom shall thereafter be elected annually by the residents and land-owners within the limits of the commission. The commissioners are invested with the power to repair, work and grade streets, to control and regulate the width and grade of sidewalks, and manner of paving the same, and to provide for the lighting of such streets, as they may deem necessary. They can make ordinances and enforce the same by penalties. They can construct sewers, with the consent of the owners of a majority of the linear feet along the same, and make special assessments for the same.

They can borrow money and appoint officers to superintend roads and sidewalks. By a supplement to the act (*Pamph. L.* 1871, *p.* 1510,) they have power to establish a fire department, to form companies, to purchase land, build houses and purchase the necessary apparatus. They have power to impose taxes for the purpose of carrying out the purposes of the act.

In view of the character of the powers so conferred, and the method of their exercise, is the entity created by the legislature in incorporating the Hackensack Improvement Commission a political corporation.

A political corporation is one which has principally for its object the administration of government, or to which the powers of government, or a part of such powers, have been delegated. *Bouv. Law Dic.*; *Thompson* v. *Holman*, 37 *Iowa* 542.

It does not depend upon the magnitude or variety of the subjects over which power is granted by the legislature. If control over one-half of the matters now regulated by town-

ship were transferred to the county governments, the townships would still remain political or public corporations. Nor is it important how much of the authority invested in such corporation is exercised directly by the people, and how much through a committee or commission.

If the powers conferred upon the people within a certain territory, or their agents, are such as are usual or appropriate in executing functions which are of interest to the entire community, then the character of such powers is political. The nature of the power must vary with the character of the community. A widely scattered settlement, a thickly populated district, a seaside village and an inland manufacturing town each has distinct wants, and justifies the delegation of distinct powers of local government. These varied requirements gave rise to the infinite variety of charters under special legislation, and to classes of charters under general legislation.

Now the powers conferred upon the Hackensack commission were such as were peculiarly adapted to the necessities of the community within the territorial limits of its operation. The portion of the townships enclosed within its limits was distinguished from the surrounding territory by being thickly populated. To a degree its requirements were urban.

The peculiar requirements of a village or town, as distinguished from a rural district, are probably these, namely, the power to provide better streets, to compel the construction of continuous and uniform sidewalks, to provide for the safety of the citizen by illuminating the streets at night, to provide water for the general use, to secure the means of general drainage from cellars and kitchens, to protect the citizen against the dangers of fire arising from the proximity of the houses. In large cities are added other requirements, such as more efficient police, poor and school organization, than that provided by the township or school acts, and thus such local governments supersede entirely the township government.

The fact that such township government still exercises control over certain subjects within the limits of the commission does not affect the political character of the latter if the com-

mission possesses political power as to those matters within its cognizance.

As remarked in *Baldwin* v. *Fuller, supra,* the local government in such cases is of a dual character, certain powers being peculiar to the lesser district, while as to the residue it is subject to the authority of the larger municipality. The city of Plainfield and the village of Flemington are examples in point. As to those subjects over which powers of local government are ceded by the legislature, the territory under the act becomes a political district, subject to taxation according to the constitutional limitations which apply in other cases.

The Long Branch Police, Sanitary and Improvement Commission is a conspicuous instance of two overlying local governments. The case of *State, Hoey, pros.,* v. *Collector of Ocean Township,* 10 *Vroom* 75, affirming a tax levied by the said commission was approved in the case of *Baldwin* v. *Fuller, supra,* on the ground that the act creating the commission erects a local government within certain specified boundaries for designated objects.

From the display of the scope of the act creating the Hackensack commission, and an enumeration of the subjects over which it has control, it seems that the powers it exercised were the usual and appropriate ones for conserving the public interest. Every member of the community was benefited by the exercise of the powers so granted, and the power so wielded was political. If this be so, then the tax levied by the said commission was imposed upon an area co-extensive with a political district.

The remaining objection to this tax is that it violates the constitutional rule requiring uniformity in the method of assessment. It is clear that the provision of the act which requires the assessment to be placed upon holders of real estate to an amount of at least $100, is hostile to the constitutional rule.

Upon the adoption of the amendment, the special provision for assessment was abrogated, leaving the rule under the general tax act prevailing everywhere. The result, therefore, is

that the tax in this instance, instead of being imposed in accordance with the directions of the Commission act, should have been imposed as all other taxes are imposed.

The prosecutors claim that this must result in a vacation of the assessment. But since the act of 1881, (*Pamph L., p.* 194,) that result does not follow, because the court can amend the assessment if the person assessed was liable to taxation at all. *State* v. *Montclair and Greenwood Lake R. R. Co.*, 14 *Vroom* 524.

It cannot be denied that the prosecutors were assessable. If the tax had been imposed upon those who were not assessed, it would have resulted in some diminution of the amount assessed upon the prosecutors. That amount is a matter of computation, as the abstract of ratables in the parts of the townships included in the commission district can be produced and the proper rate of each person under the general law ascertained. The difference between what should have been so assessed and what was assessed will be abated.

According to the rule enunciated in the case of *Morgan* v. *Comptroller of the City of Elizabeth*, 15 *Vroom* 571, the matter will be referred to a commission to ascertain the amount which should be abated, and the assessment will be set aside as to such amount, and affirmed as to the residue.