## SCHOOL DISTRICT No. 47 *v.* GOODWIN.

Opinion delivered December 17, 1906.

81    143
81    247
e82    534

81    143
87    392

SCHOOL—ILLEGAL EMPLOYMENT OF TEACHER—RATIFICATION.—A contract for employment of a school teacher, made at a meeting of two directors of which the third director had no notice, will be binding on the district if acquiesced in and ratified by the entire school board.

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; affirmed.

*Smead & Powell,* for appellant.

The action of the separate members of a school board is not the action of the board. There must be a meeting, after due notice to each director, which should be in writing, stating the time, place and purpose of the meeting. Until this is done, the action of a majority of the directors is not binding unless it be in a matter involving no exercise of discretion. 52 Ark. 515-16; 64 Ark. 491.

*Gaughan & Sifford,* for appellee.

1. There is no statutory requirement that a notice to directors of a meeting for the purpose of employing a teacher should be in writing, and it is respectfully submitted that the opinion cited by appellant so holding should be overruled.

2. Whether, in this case, the notice was given in writing, or verbally, is immaterial. It is undisputed that two of the directors met in the field of one of them, and that the third, who was in an adjoining field, was invited but refused to attend.

3. It is also undisputed that appellee was permitted to teach without objection for two months, and that the warrants for her salary were drawn by the director who did not attend the meeting at which she was employed. This amounted to a ratification.

HILL, C. J. Appellee was engaged to teach school by two school directors at a meeting of which, at best, only verbal notice was given to the other director. A written contract for six months at rate of $40 per month was signed by the teacher, and on part of the district was signed by the two directors, and under it she entered into performance and taught the school for two months, two weeks and two days, and then was barred entrance to the school house by the directors, and she sued upon the contract and recovered, and the district appealed.

Appellant points out error in the instructions given and the refusal to give requested instructions, the latter being in conformity to *Burns* v. *Thompson,* 64 Ark. 489.

The errors of the court however were not prejudicial, for the appellant's own testimony shows the contract was ratified, and this renders unavailing here matters as to its original invalidity.

The evidence most favorable to the district was in substance: That the agreement to employ appellee was made at a meeting attended by only two directors, of which meeting, if the absent director had any notice at all—a disputed matter—it was verbal and informal; the written contract was signed by only two directors, the other declining to sign it. After it was signed by the teacher and the two directors purporting to act for the district, the teacher at once opened school with the knowledge and acquiescence of the other director. This absent director, Browning, was secretary of the board, and drew warrants in favor of the teacher for each of the two completed months she taught, which he would not sign himself but delivered to the other directors to be signed by them and to be cashed by the teacher.

The district patronized the school, and people and directors recognized appellee's authority as teacher for the district, and the only objection at all was this director, Browning, refusing to sign the contract or warrants, but at the same time he acquiesced in the matter, as he expressed it to her: "If the other two directors hire you, I can't contrary them, and I did not."

Judge Dillon says: "A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers, which are within the scope of the corporate powers, but not otherwise." 1 Dillon, Mun. Corp. § 463. The making of the contract was within the powers of these directors, and the invalidity of the contract only due to failure to comply with the legal requirements of giving written notice of the meeting, and did not go to any want of power of the corporation or its directors to make such a contract. The employment of a teacher was within the scope of their authority, and therefore subject to ratification. This question was before the Supreme Court of Kansas, and Justice Valentine, speaking for the court, said: "It is admitted that the original contract with Eley was, at the time

it was made, void for the reason that it was not made by the entire school board, but only by a portion thereof. * * * But it is claimed by the plaintiffs that the evidence introduced in the court below tended to show a ratification of the contract by the entire school board, and also by the entire school district. We think such a contract might be ratified, and might be made binding upon the school district." [Citing many cases]. *Sullivan v. School District,* 39 Kan. 347. See, also, *Keyser v. School District,* 35 N. H. 477; *Jordan v. School District,* 38 Me. 164; *Fisher v. School District,* 4 Cush. (Mass.), 494; 1 Beach, Pub. Corp. § § 248, 250.

This contract was indubitably acquiesced in by the district, and by the dissenting director as well, who would not "contrary" his colleagues and the teacher. All parties permitted her to act under the contract for nearly half its life, and all in authority had knowledge of its original infirmity. It was then too late for the board or the district to seek to disaffirm it.

Judgment affirmed.