FIRST NATIONAL BANK OF WALDRON v. WHISENHUNT.

Opinion delivered April 25, 1910.

1. SCHOOL DISTRICTS—POWERS.—A school district is a *quasi* public corporation, and can exercise no powers beyond those expressly conferred by statute, or which arise therefrom by necessary implication. (Page 585.)

2. SAME—POWERS OF OFFICERS.—All persons who deal with school officers are presumed to have full knowledge of the extent of their powers. (Page 585.)

3. SAME—AUTHORITY TO BUY MAPS AND CHARTS.—Under Kirby's Digest, § 7620, providing that school directors may expend annually out of the common school fund not more than twenty-five dollars for maps,

charts, etc., provided they meet the approval of the State Superintendent in price and merit, and that the expenditure be authorized by a majority of the qualified electors at the previous annual school meeting, a purchase of charts, made without the approval of the electors at the annual school meeting, is invalid. (Page 586.)

4.  SAME—UNAUTHORIZED CONTRACT—RATIFICATION.—A contract for the purchase of educational charts made by the directors of a school district, which is invalid because beyond the scope of their powers, cannot be ratified or enforced because the charts were received by and are still in the possession of the school district. (Page 586.)

5.  SAME—SCHOOL WARRANTS—INNOCENT HOLDER.—There can be no innocent holder of a school warrant issued without power or contrary to law. (Page 587.)

6.  SAME—INVALID WARRANTS—LIABILITY OF DIRECTORS.—Where school directors signed their names to invalid school warrants, for the purpose of binding the district merely, they will not be personally liable on the contract if the other contracting party had equal means of knowledge as to their authority. (Page 587.)

Appeal from Scott Circuit Court; *Daniel Hon,* Judge; affirmed.

*Appellant, pro se.*

A contract for employment of a school teacher made at a meeting of two directors, of which the third had no notice, will be binding on the district if acquiesced in and ratified by the entire school board. 81 Ark. 143. Fraud must be proved, when relied on, and the burden is on the pleader. 63 Ark. 22. The acceptance and use of the charts by the school board was a ratification of the contract of purchase. 67 Ark. 236.

*A. A. McDonald,* for appellees.

The electors of the district never authorized the purchase of said charts. No two of the directors were together to make a contract. Therefore, none was made, and the district is not bound. 52 Ark. 511; 64 Ark. 489. The first of these notes was barred by the statute of limitations. 52 Ark. 454; 56 Ark. 68. There can be no innocent purchaser of paper issued by a municipal corporation. 32 Ark. 634. The contract was made in violation of section 7620, Kirby's Digest, and plaintiff cannot recover.

FRAUENTHAL, J. This was an action instituted by appellant against School District No. 33 of Scott County and its three directors on two warrants or orders of said school dis-

trict.  On December 10, 1902, W. W. Tutwiler made a contract with two of the directors, by which he sold to the school district charts for $85.  For the purchase money thereof three warrants of the school district were executed, one for $35 and the other two for $25 each.  The warrant for $35 was paid immediately, and the two other warrants are involved in this suit.  These two warrants stated on their face the consideration thereof, and were made payable on August 1, 1903 and 1904, respectively.  Some time after the execution of the warrants the charts were received by and were in the possession and use of the school district at the time of the institution of this suit.  The warrants were sold and transferred to appellant some time prior to August 1, 1903.  It appears from the testimony that the electors of said school district did not authorize the expenditure for said charts at the annual election previous to the alleged purchase thereof nor at any election thereafter; and it also appears from the testimony that no attempt was ever made to secure the approval of the State Superintendent as to the price and merit of said charts.  The cause was tried by the court sitting as a jury, who made a finding and rendered judgment in favor of appellees.

A school district is by the statutes of this State made a body corporate; but it is intended as an agency in the administration of public functions.  It is a *quasi* public corporation, and can exercise no powers beyond those expressly conferred by statute, or which arise therefrom by necessary implication.  The powers and duties of the directors of a school district are derived only from legislative authority, and they can exercise no power that is not thus expressly or by necessary implication granted by statute.  A contract entered into by the directors, therefore, which is beyond the powers conferred on them by statute to make is null and void.  *Parsel* v. *Barnes,* 25 Ark. 261; Throop on Public Officers, § § 21, 576; 25 Am. & Eng. Ency. Law, 56; 28 Cyc. 279; 1 Dillon on Municipal Corporations, § 25; *Central Transportation Co.* v. *Pullman's Palace Car Co.,* 139 U. S. 34.  And all persons who deal with the school officers are presumed to have full knowledge of the extent of the powers of these officers to make the particular contract.  Throop on Public Officers, § 551.

By section 7620 of Kirby's Digest it is provided that the directors of a school district may expend annually out of the common school fund not more than twenty-five dollars for maps, charts, etc.; but it is there provided further that, before such expenditure can be made, the maps, charts, etc., must meet the approval of the State Superintendent in price and merit, and the expenditure must also be authorized by a majority of the electors of the school district at the annual election previous thereto. This statute is an express limitation on the powers of the directors to purchase charts. They had no power, therefore, to purchase these articles until authorized to do so by the electors of the district in the manner provided by the above statute; and the burden was on the plaintiff to establish the fact that they were so authorized. *School District v. Perkins*, 21 Kan. 389. The evidence in this case tends to show that the directors were not authorized by the electors to purchase the charts; and the contract therefor was therefore made without the power to do so, and was invalid. *School District v. Perkins, supra; Western Pub. House v. School Dist.*, 94 Mich. 262; *Johnson v. School District*, 67 Mo. 319; *Clark v. School Directors*, 78 Ill. 474; *Taylor v. District Tp.*, 25 Iowa 451; *Honaker v. Board of Education*, 24 S. E. 545.

It is urged by appellant that the contract has been ratified by the receipt and use of the charts by the school district. But where a contract made by the directors of a school district is invalid because it was beyond the scope of their powers, it cannot be ratified by acceptance. The statute expressly provides that such contract can only be authorized by the electors at a meeting regularly called and by a vote cast at an election. This was a necessary condition to be observed before there could be any power to make such a contract, and it could not therefore be ratified except by the observance of those conditions that were essential to the making of a valid contract in the beginning, if it could be ratified in any event. In the case of *Thomas v. Railroad Company*, 101 U. S. 71, it is said: "The broad doctrine is established that a contract not within the scope of the powers conferred on the corporation cannot be made valid by the assent of every one of the shareholders, nor can it by any partial performance become the foundation of a right of action." *Marsh v. Fulton County*, 10 Wall. 676.

In the case of *Taylor* v. *District Tp.*, 25 Iowa 451, in speaking of the ratification by a school district of an unauthorized contract, the court says: "The electors composing the corporate body act by and through specific agencies and in the mode prescribed by law. They cannot, as individuals, when not convened at the times and places contemplated by law, vote to raise a tax or authorize the making of a contract. * * * The law contemplates action by them in their aggregate capacity when duly and properly assembled, and not the action of each elector on the streets, at his store or shop. * * * To illustrate, the assent of a majority of the electors, when not convened to levy a tax, would not authorize its levy. Neither would their subsequent assent in the same manner ratify or make it valid. For, if so, an act originally without validity could by a like illegal or unauthorized act be made valid. And, as the electors could not thus be held as ratifying their own act, certainly they could not as to an act of the board where there was want of power."

And in that case it was further said: "Neither the use of the maps in the school nor the failure to object * * * would amount to a ratification." *Johnson* v. *School District*, 67 Mo. 319; *Clark* v. *School Directors*, 78 Ill. 474; 25 Am. & Ency. 48.

In the case at bar the school directors were without power to enter into a contract for the purchase of the charts, and by statute were, in effect, prohibited from doing so. Such a contract was not only unauthorized, but was contrary to law, and therefore void. Such a contract therefore could not be ratified or enforced because the charts were received by and are still in the possession of the school district.

It is urged by appellant that it is a *bona fide* purchaser of the warants for value and before maturity. Waiving the question as to whether or not the warrants could have been made payable at any time other than on demand, the orders or warrants of a school district are not negotiable instruments, in the sense of the law merchant. Therefore, there can be no innocent holder of a school warrant issued without power or contrary to law. *Lindsey* v. *Rottaken*, 32 Ark. 619; *Mayor* v. *Ray*, 19 Wall. 468; *Wall* v. *Monroe County*, 103 U. S. 74; *Ouachita County* v. *Walcott*, 103 U. S. 559; 28 Cyc. 1570.

The appellant is not entitled to hold the directors personally liable on these warrants. These warrants upon their

face show that they are the obligations solely of the school district; and the evidence shows that the directors did not intend to assume any personal liability in issuing them. The contract was made solely in the name of the district, and was only for its use and benefit. The directors were only acting therefore as public agents, and, according to the intent of all the parties to the contract, with the purpose of expressly binding the district. They did not incur personal liability by signing their names thereto as directors. *Slone* v. *Berlin,* 88 Iowa 205; *Goodwin* v. *Common School District,* 23 S. W. 964, 29 Cyc. 1446; Throop on Public Officers, § 774. Nor are the directors personally liable because the contract was beyond their authority. The evidence shows that they acted in good faith and without any act or word of misrepresentation on their part. On the other hand, they made the contract at earnest solicitation of the other party and with his full knowledge that no vote had been cast by the electors authorizing the purchase of the charts. The payee of the warrants and the appellant had all the means of knowledge as to the authority of the directors to make the contract that was possessed by the directors. Neither was deceived or misled into the making of the contract or the purchase of the warrants. "An officer who in good faith and under misapprehension makes a contract in behalf of the municipality which is invalid for want of authority to make it will not be held personally liable on the contract where the other contracting party has equal means of knowledge as to his authority." 28 Cyc. 469; 23 Am. & Eng. Enc. Law, 380-381.

The judgment is affirmed.