BECKLEY-CARDY COMPANY, INC., *v.* WEST POINT SPECIAL SCHOOL DISTRICT No. 3.

4-7835                                              192 S. W. 2d 540

Opinion delivered February 18, 1946.

Owen C. Pearce and Culbert L. Pearce, for appellant.

C. E. Yingling and C. E. Yingling, Jr., for appellee.

MILLWEE, J. Appellant, Beckley-Cardy Co., Inc., is a foreign corporation located in Chicago, Illinois, and engaged in the manufacture and sale of school furniture and supplies. Appellee, West Point Special School District, is a special school district in White county with a board of directors of five members. The district is divided by Little Red River, and two of the four schools operated by the district are located north of the river.

D. E. Norton, one of the five directors, resides north of the river and was authorized to make small purchases of supplies locally for use of the schools on the north side without consulting the other directors. In July, 1940, W. L. Grissom, the agent of appellant at Bald Knob, Arkansas, solicited an order from Norton in the amount of $300 for desks and other school fixtures. Norton declined to sign the order without consulting the other members of the board and accompanied Grissom to the home of Jess Ray, secretary of the board. Ray refused to approve the order, or sign a warrant without action thereon by the board of directors and invited Norton and Grissom to present the proposal at the next regular board meeting to be held the following Tuesday night.

Norton did not attend the board meeting. The other four directors were present at the meeting and Grissom presented the order which had been reduced to about one-half the amount of the original proposal. The board disapproved the amended order and authorized the school superintendent to ascertain the needs of the two schools north of the river, which resulted in the purchase of 17 desks in Jonesboro, and these were delivered to the two schools.

After the directors had declined approval of the order, Grissom again called on Norton and obtained his signature to an order for desks, seats and blackboards in

the amount of $147.98. The order was signed by Norton on condition that Grissom obtain the signature of at least one other director. Grissom failed to do this, and forwarded the order to appellant with only the signature of Norton thereon. The supplies were shipped to director Norton at Bald Knob in August, 1940. Upon arrival of the order, Norton obtained money with which to pay the freight bill from the Collison Co. in Bald Knob, where the district carried an account, and the company charged the amount of the freight to the district. Norton delivered and installed part of the supplies to the schools north of the river and part of them were stored in his barn. This delivery was made after Norton had assisted in installation of the 17 desks which were purchased by the district at Jonesboro.

Letters exchanged between the company and the superintendent of the schools, and the secretary of the board and the company, were introduced in evidence. Letters intended for Jess Ray, secretary of the board, were addressed to ''Jim Ray,'' and according to the testimony of the board's secretary these letters did not reach him until on or about April 4, 1941, when he wrote the company requesting information about the order for supplies. In response to a letter furnishing such information, secretary Ray, on April 21, 1941, advised appellant that the board declined to pay for the order which it had turned down, and the company was advised that the supplies were still there if it wanted to return them. In reply to this letter, appellant indicated a refusal on its part to accept return of the merchandise, and urged the district to keep the property and reconsider its action in refusing payment therefor. Appellant continued to write letters to director Norton in June, July and August, 1941, urging him to persuade the district to reconsider its action and pay for the supplies.

Appellant instituted this action June 11, 1943, for recovery of the supply account and interest. The complaint alleged execution of the purchase order by Norton, delivery of the property and refusal of the district to pay the account. The following allegation is set out in the

complaint: "By receiving said articles and putting them to use before offering to rescind the contract and to return the articles so purchased, defendant waived any irregularities in the execution of the contract, if any, and ratified its terms." The answer of appellee contained a general denial and alleged repudiation of the unauthorized contract by other members of the board of directors as soon as they received knowledge of its execution and learned that the supplies had been delivered to the district. The cause was tried before the court, both parties waiving trial by a jury, resulting in a judgment for the district and dismissal of the complaint of the company. A cross-complaint filed by the district was also dismissed.

It is well settled in this state that all persons who deal with school officers are presumed to have knowledge of the extent of their powers to make the particular contract. *First National Bank of Waldron* v. *Whisenhunt*, 94 Ark. 583, 127 S. W. 968; *Arkansas National Bank* v. *School Dist. No. 99*, 152 Ark. 507, 238 S. W. 630; *Rural Special School Dist. No. 50* v. *First-National Bank*, 173 Ark. 604, 292 S. W. 1012. By paragraph (K) of § 11535, Pope's Digest, as amended by Act 316 of 1939, school directors are empowered to purchase supplies necessary for the efficient operation of the schools. It is also provided in this section of the statute that, for rural schools such as appellee, said supplies should meet the approval of the county supervisor in price and merit. The directors, therefore, had the power to purchase the articles involved in the instant suit. The contract of purchase is not void to the extent that it is beyond the powers conferred on the directors and, therefore, incapable of ratification, as was held by this court in the case of *First National Bank* v. *Whisenhunt, supra.*

The contract of purchase was made by only one of the five directors, and not at a regular or special meeting of the board of directors, and was invalid. The pertinent question, therefore, is whether the district ratified the contract by use of the supplies prior to a repudiation of the contract in April, 1941. The burden was upon appellant to prove a ratification of the contract. The trial

court, by its action in dismissing the complaint, necessarily found against appellant on this issue. If there is substantial evidence supporting such finding, when the testimony is considered in the light most favorable to appellee, the judgment must be affirmed.

It is held generally that a ratification, to be effective, must be made by a party who had the power or authority to do the original act, and it must be made with knowledge of the material facts. 2 C. J. S. page 1072; *Western National Bank* v. *Armstrong,* 152 U. S. 346, 14 S. Ct. 572, 38 L. Ed. 470; Trusler, Essentials of School Law, p. 351. In 56 C. J., p. 516, § 587, it is said: "A school contract entered into without proper authority or in an informal manner, may be ratified by accepting and retaining the benefits of the contract with a full knowledge of all the facts; but in the absence of circumstances indicating an intention to ratify, ratification will not be implied from a temporary or necessary use of the property, particularly where the district has no knowledge of the unauthorized acts." See, also, annotation, L. R. A. 1915A, p. 1033. At page 1036 of the annotation, it is said: "Thus, the character of the contract, the situation of the property, and the circumstances, may be such as to authorize a public corporation to take possession of property purchased in its behalf under an invalid contract, without the act in any way raising a presumption that the right of possession was asserted under the contract, or that the corporation intended thereby to assume the burdens thereof. In such a case, taking possession of and using the property will not have the effect of ratifying the contract."

Applying these principles to the evidence in this case, the purchase contract could not be ratified by the acts of the lone director who made the invalid contract unless the board of directors, or at least a majority thereof, had knowledge of the unauthorized acts and acquiesced in the use of the property by the district with full knowledge of the facts. Director Norton executed the invalid order, received the supplies and placed a part of them in use in the schools near his residence. He was the only director residing in that part of the district, and there is no evi-

dence that he informed any of the other directors of his actions. Some time after a part of the articles ordered from appellant were placed in the two schools north of the river, the superintendent of the district and Jess Ray, secretary of the board, removed some of the desks to the two schools south of the river. It is insisted that the district waived any irregularity in the contract by these acts. Secretary Ray testified, however, that he was unaware of the invalid order, or that the desks removed were those shipped by appellant, at the time the removal was made. He also testified that he knew nothing about the supplies having been ordered or used until he received the letter which the company had sent to Jim Ray, and that he immediately wrote the company and offered return of the supplies which was refused.

Appellant relies on such cases as *Springfield Furniture Company* v. *School District No. 4 Faulkner County*, 67 Ark. 236, 54 S. W. 217; *A. H. Andrews Co.* v. *Delight Special School District*, 95 Ark. 26, 128 S. W. 361; *School District No. 47* v. *Goodwin*, 81 Ark. 143, 98 S. W. 696; and *Dell Special School District No. 23* v. *Johnson*, 129 Ark. 211, 195 S. W. 373. These cases hold that where a board of directors or their successors accept property or services under an unauthorized contract and use the property, or accept the services, with full knowledge of the contract so made, then ratification is complete. In *Springfield Furniture Co.* v. *School District No. 4 Faulkner County*, *supra*, the contract of purchase was made by two of the three directors of the district and the third director learned of the contract a week after it was made. In that case the court said: "It is shown, therefore, that all the directors knew of the contract, and that the desks had been received, and were being used, yet no action was had by the board to annul the contract and cancel the warrants for more than a year." In *A. H. Andrews Co.* v. *Delight Special School District*, *supra*, this court said: "Furthermore, the board of directors of the original district and its successors accepted the desks and had used them continuously since the purchase thereof with full knowledge

of the contract so made. They have thereby in effect fully ratified such contract."

In all the cases cited by appellant on the question the school directors, or municipal officers, had full knowledge of the unauthorized contract, and the property was used, or services performed, with such knowledge. The distinguishing feature between those cases and the case at bar is that, in this case, there was substantial evidence that a majority of the directors were unaware of the unauthorized contract and use of the property for several months, and the contract was immediately repudiated when the facts were ascertained. The board of directors being without knowledge of the invalid contract, and not having acquiesced therein, there was no ratification. The judgment of the circuit court, so holding, is accordingly affirmed.