The Honorable Tim Hutchinson State Representative Post Office Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion concerning the authority of the Department of Health and the Little Rock School District to contribute matching funds to the "New Futures Program" being initiated in Little Rock. Specifically, you have asked:
 1) Does the Department of Health have the authority to contribute money to a private, non-profit corporation such as the New Futures Organization without a specific appropriation from the General Assembly? and
 2) Does the Board of Directors of a local school district have the authority to appropriate money to a private, non-profit corporation such as the New Futures Organization for the purpose of providing contraceptives to teenagers?
For the following reasons, the answer to both of your questions is "yes".
I. Department of Health Contribution
Your first question concerns the necessity of an appropriation from the General Assembly before state funds can be distributed in the manner contemplated by the matching of funds to the New Futures Program. The relevant Arkansas constitutional provision is found in Article 5, 29 which provides:
No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years.
An exception to the above provision exists for "cash funds" which are:
 Those received by the state agencies and institutions from sources other than taxes, as the term `taxes' is ordinarily used.
Gipson v. Ingram, 215 Ark. 812, 223 S.W.2d 595 (1949).
It appears that the funds the Department of Health intends to contribute would constitute "cash funds" and thus fall within the exception. In fact, A.C.A. 20-7-123 (Supp. 1987) provides that all of the fees collected pursuant to that section are specifically declared to be "cash funds." (That section provides for the collection by the Department of Health of fees upon the issuance of birth, death, marriage certificates, etc. . .) The fees derived from these services are credited to the Public Health Fund in the State Treasury.
The revenues collected from the services described above, however, do not constitute all of the funds in the Public Health Fund. That fund consists of those revenues mentioned above, general revenues as provided by law, non-revenue income from other services, federal reimbursement, and other funds provided by law. A.C.A. 19-5-308. The determining factor in the classification of "cash funds" is whether the funds are derived from taxes. McArthur v. Smallwood, 224 Ark. 328, 281 S.W.2d 428 (1955); Borchert v. Scott, 248 Ark. 1041, 460 S.W.2d 28 (1970). To the extent the funds contributed from the Public Health Fund meet this qualification, an appropriation is not required by Arkansas Constitution Art. 5, 29.
The above conclusion, however, is not dispositive of the question of whether the contribution may be made. It must also be determined that the contribution of matching funds is for a purpose that the Department of Health is authorized to advance. Section 19-5-307 of the Arkansas Code outlines the purposes toward which the Public Health Fund may be used, stating:
 The Public Health Fund shall be used for the maintenance, operation, and improvement required by the regional health centers and the various divisions of the Department of Health in carrying out the powers, functions, and duties as set out in 20-7-102, et seq. . . . or other duties imposed by law upon the Arkansas Department of Health.
Section 20-7-109, provides that:
 (a) Power is conferred on the State Board of Health* to make all necessary and reasonable rules and regulations of a general nature for the protection of the public health; for the general amelioration of the sanitary and hygienic conditions within the state; for the prevention of infections [infectious], contagious, and communicable diseases.
Additionally, 20-7-110, provides that the State Board of Health shall have general supervision and control of all matters pertaining to the health of Arkansas citizens. Section 20-7-111
which concerns receipt and disbursements of federal monies, provides that it shall be disbursed "in the manner provided by law and for the purposes of this subsection." Finally, 20-7-123(c)(1) and (c) provide that two thirds of funds from fee increases and all funds collected from death certificates shall be used for purposes "prescribed by law." It would thus appear that the contribution of money by the Department of Health for the ultimate distribution of contraceptives to teenagers would constitute a proper purpose for the Public Health Fund, at the very least to the extent the contraceptives are distributed to aid in the prevention of sexually transmitted diseases, mostly notably, the AIDS virus. It can also be logically asserted that the problem of teenage pregnancy in this State is a public health problem.
Additional support for the proposition that the contribution in issue here is for a purpose "prescribed by law" can be found in A.C.A. 20-16-304 which provides:
 (1) All medically acceptable contraceptive procedures, supplies, and information shall be available through legally recognized channels to each and every person desirous of the procedures, supplies, and information regardless of sex, race, age, income, number of children, marital status, citizenship, or motive. . .
 (3) Dissemination of medically acceptable contraceptive information in this State and in state and county health and welfare departments, in medical facilities, at institutions of higher learning, and at other agencies and instrumentalities of this State is consistent with public policy.
Although the provisions quoted above do not expressly authorize the distribution of contraceptives to teenagers at a high school, they do lend credence to the proposition that such distribution would be consistent with the public policy of the state and a proper subject of contribution from the Public Health Fund.
II. Local School Board Appropriation
The Board of Directors of a local school district has the power to "do all . . . things necessary and lawful for the conduct of efficient free public schools in the district." A.C.A.6-13-620(12). A school board is a creature of law and has no authority other than the authority given it by law. Nethercutt v. Pulaski Co. Spec. School Dist., 251 Ark. 836, 475 S.W.2d 517
(1972). School districts have only such powers as are expressly granted and such incidental ones as are necessary to make those powers effective. Arkansas National Bank v. School Dist. No. 99, Washington Co., 152 Ark. 507, 238 S.W. 630 (1922). In Evans v. McKinley, 234 Ark. 472, 252 S.W.2d 829 (1962), the Arkansas Supreme Court observed that the necessity for the expenditure of school funds for a particular purpose and the terms of the expenditure are matters within the reasonable discretion of a school board. The Supreme Court stated specifically:
 Courts will not interfere in matters of detail and government of schools, unless the officers refuse to perform a clear, plain duty, or unless they unreasonably and arbitrarily exercise the discretionary authority conferred upon them. . . . The courts will not interfere with the exercise of discretion by school directors in matters confided by law to their judgment, unless there is a clear abuse of their discretion, or a violation of law. Every presumption is in favor of the proper exercise of power when its object is reasonably germane to the purposes of the grant. . . . Although it is true . . . that arbitrary action on the part of a school board is subject to judicial review, the court even then does not substitute its judgment for that of the board.
234 Ark. at 474-475, citing Pugsley v. Sellmeyer, 158 Ark. 247,250 S.W. 538 (1923), 47 Am. Jur. 325 Schools 44, and Johnson v. Robbins, 223 Ark. 150, 264 S.W.2d 640 (1954).
It appears that the only restriction upon the school board's discretion in the area of expenditures is to ensure that local tax money be used for the purposes and in the district in which it is levied. (See Arkansas Constitution Art. 14 3)**. Given the fact that the matching funds provided by the Little Rock School District will be used for school purposes in the district, it is my opinion that a court would not set aside the board's exercise of discretion in providing matching funds for the program.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* The State Board of Health and its functions, powers and duties were transferred by a type 4 transfer to the Department of Health by Acts 1971 No. 38.
** It is assumed herein that the matching funds will be provided by local school revenue. If the matching funds are supplied from the state Public School Fund, they must be used for a purpose enumerated in A.C.A. 19-5-305, such as for "guidance services."